UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES PATRICK MAY, | ) CASE NO. 4:10cv1533 |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| -vs- | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) CORRECTED MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) |

This Order hereby corrects Document No. 46, removing typographical errors.

On September 19, 2012 Attorney Suzanne Hayden moved for an award of attorney fees under 42 U.S.C. § 406(b). The Commissioner filed a brief in which it did not oppose an award to Attorney Hayden, but objected to the hourly rate requested. The Court conducted the hearing on November 1, 2012, allowing all the parties to be heard. The parties filed post-hearing memos to address issues presented at the oral argument. Based upon the below, the motion is GRANTED IN PART AND DENIED IN PART.

An attorney who successfully represents a social security claimant may seek reasonable fees under 42 U.S.C. § 406(b)(1)(A) which provides:

Fees for representation before court

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this

1

> title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

The "legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the 'reasonableness' of the award up to that maximum." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc).

The twenty-five percent fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Id.*

> Deductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.
>
> As to the first category, delay is probably the most common problem encountered in evaluating the attorney's intentional or unintentional neglect. Unfortunately, because the award is based on the amount of "past-due" benefits which increase as time passes, a lawyer is almost always financially served by delay in a final decision on the claim. *See e.g., Blankenship v. Gardner*, 256 F.Supp. 405, 416 (W.D.Va. 1966) ("[I]t will always be of financial benefit to the lawyer to delay the case as much as possible so that the accumulated benefits in which he is to share will be larger"); *see also Webb v. Richardson*, 472 F.2d at 537 ("courts should be especially hesitant to award the statutory maximum in cases in which delays of any consequence have occurred"); *Dearing v. Secretary of Health & Human Services*, 815 F.2d 1082 (6th Cir. 1987) (holding past due benefits could not be calculated beyond three months after claimant was ready for trial, even though the delay was not due to the fault of counsel).

*Id.* at 746-47. Furthermore,

> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who

>have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Id.* at 747 (footnote omitted). Finally, in *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), the Sixth Circuit concluded that no windfall existed in a situation where dividing the number of hours by the total amount of the fee requested resulted in no more than twice the standard rate for such work in the relevant market.

Herein, the Court must determine a reasonable fee. In her post hearing memorandum, Attorney Hayden adjusted the amount she sought to $10,445.18. In her initial request she noted that the Commissioner withheld $20,860.00. Thus, Attorney Hayden contends that her request is reasonable because she is requesting 12.5% of the total back benefits award.

However, the lynchpin of this Court's review of the pending motion is reasonableness. Herein, Attorney Hayden spent 19.15 hours in litigation before this Court. She contends that the prevailing market rate as well as her usually hourly rate is $272.72. Her effective hourly rate for the work based upon her request for is therefore $545.44. This Court has recently reviewed the issue of a reasonable hourly rate and concluded that "upon consideration of all that is known to the Court about this area of law, the geographic region in which it is practiced, and the individuals routinely engaged in its practice, the Court finds that a total reasonable hourly rate is $175, doubled under the windfall analysis to $350 per hour. This latter figure places the relevant market rate directly in line with the median hourly rate that the Court sees employed in a broad spectrum of civil litigation."

Having established that $350 per hour is the relevant market rate, Attorney Hayden's motion is GRANTED IN PART. She is hereby awarded $6,702.50 for the 19.15 hours spent before this Court.

IT IS SO ORDERED.


Dated:  January 14, 2013	/s/ John R. Adams
	JOHN R. ADAMS
	UNITED STATES DISTRICT JUDGE

4